UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SURINDER SINGH,                                   Case No.: 1:23-CV-03881-NRM-TAM

        Plaintiff,

    -against-

BARNEY'S SERVICE STATION, INC., and ANTHONY
PANVINI

        Defendants.

---------------------------------------------------------------------X

## SETTLEMENT AGREEMENT
## RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiff, SURINDER SINGH ("Plaintiff" or "Releasor"), and Defendants, BARNEY'S SERVICE STATION, INC., (referred to as "Barney's"), and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, members, officers, directors and representatives and ANTHONY PANVINI (referred to as "Panvini") and Barney's together with Panvini, collectively referred to herein as the "Company," "Defendants," or "Releasees"), each jointly and severally.

WHEREAS, on May 24, 2023, Plaintiffs filed the Complaint in the captioned suit for damages in the United States District Court for the Eastern District of New York (the "Court"), alleging claims for, among other things, unpaid wages and overtime compensation pursuant to the Federal Fair Labor Standards Act and New York State Labor Law (the "Complaint") owed to the Plaintiff by his former employer Barney's and its owner Panvini.

1

WHEREAS, the Defendants Barney's and Panvini have contested the claims set forth in the Complaint and deny any and all liability applicable under the facts and circumstances of this case; and,

WHEREAS, Plaintiff and the Defendants now desire to settle Plaintiff's claims and to resolve fully all matters of dispute between them, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiff and the Defendants hereby agree as follows:

A.    **Non-Admission.**  This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation.   The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

B.    **Consideration**

1.    In exchange for the promises contained in this Agreement, the Defendants in accordance with the terms of this Agreement, shall pay to Plaintiff the following settlement, as agreed upon by the parties:

a. Defendants shall pay the sum of seventy-five thousand dollars ($75,000.00) in total ("Settlement Amount") by bank check or wire transfer *WITHIN 10 DAYS OF THE Court's Approval of this Agreement. The sums will be collected on the Plaintiff's behalf and are to be payable to and delivered

2

to "Law Office of Daniel R. Olivieri, PC, as attorneys", at 487 Jericho Turnpike, Syosset, NY 11791.

2.    The settlement payment described herein shall be paid to Plaintiff in exchange for Plaintiff's release of claims and other promises below, and in full and complete settlement of all claims between the parties, including any and all claims for attorney fees.

a.    Plaintiff and his counsel must submit executed IRS Form W-9s with a Taxpayer Identification Number from Plaintiff and his counsel in order to receive the Settlement Payment, a copy of which may be submitted upon the Court's approval of this Agreement electronically together with Plaintiff's executed counterpart of this Agreement.

b.    Plaintiff agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to him under this Agreement and that Plaintiff will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's relationship with the Defendants.

c.    Upon receipt of the Settlement Payment, Plaintiff agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him, inclusive of attorneys' fees and costs, for any reason by the Defendants.

3.    Plaintiff's counsel will be issued a Form 1099. Plaintiff further agrees that he shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiff understands and agrees that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement.

3

**C. Penalty For Late Payment**

In the event that the Defendants fail to make the settlement payment in a timely manner pursuant to this Agreement, Plaintiff shall provide notice of the default by email to Defendants' counsel. The Defendants will then have five (5) business days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, Plaintiff may refile the case with the Court preserving the statute of limitations as originally filed and the release contained herein shall be null and void.

**D. Claims Released by Plaintiff.**

a.      In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiff, and Plaintiff on behalf of his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release and discharge the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Defendants ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees and costs) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiff's execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, that Releasors may have, or have ever had against Releasees, including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with

4

the Defendants and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such a claim.

       b.     Plaintiff further agrees and acknowledges that Releasor is giving up any rights or claims which Releasor may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

       (i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing

regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief (inclusive of attorneys' fees and costs), including but not limited to attorneys' fees, costs, back pay, front pay, reinstatement, and medical fees from the beginning of time to the Effective Date.

c.   <u>Specific Release of ADEA and OWBPA Claims.</u>  In further consideration of the benefits provided to Plaintiff in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the Effective Date arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations.  By signing this Agreement, Plaintiff hereby acknowledges and confirms that he: (i) has read this Agreement in its entirety and understands all of its terms; (ii) has been advised of and

6

availed himself of his right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) was given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of his choice, although he may sign it sooner if desired; (vi) understands that he has seven (7) days from the Effective Date to revoke the release in this paragraph by delivering notice of revocation to Paul J. Felicione, Esq. at 626 RX Plaza, Uniondale, NY 11556 by overnight delivery before the end of such seven-day period; (vii) understands that the release contained in this paragraph does not apply to rights and claims that may arise after the Effective Date; and (viii) in entering into this Agreement, agrees and acknowledges that he is not relying on any representation, promise or inducement made by the Defendants or its attorneys with the exception of those promises described in this Agreement.

        d.     This release and waiver of claims shall not be construed to impair Plaintiff's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement including but not limited to any retaliation claim accruing after the date of this Agreement.  Nor does this release prohibit or bar Plaintiff from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination.  Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Plaintiff

agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiff's behalf, either individually or as part of a collective action, by any governmental agency or other third party.

E.   **Claims Released by Defendants**

a.   In exchange for the sum of Ten ($10.00) Dollars and for other goods and valuable consideration, receipt of which is hereby acknowledged, the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Defendants ("Releasors") irrevocably and unconditionally fully and forever waive, release and discharge the Plaintiff ("Releasee"), from any and all claims, demands, actions, causes of actions, obligations, judgements, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees and costs) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Defendants execution of this Agreement, including without limitation, any claims under any federal, state, local or foreign law, that Releasors may have, or have ever had against Releasee, including but not limited to those arising out of, or in any related to Plaintiff's hire, benefits, employment, termination or separation from employment with the Defendants and any actual or alleged at, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such claim.

F.   **Withdrawal of the Complaint**

Within five (5) days after the bank check or wire transfer has been tendered, Plaintiff, by his counsel, shall execute and file a Stipulation of Voluntary Dismissal with the Court.

G.   **Representations and Acknowledgements**

1.    Plaintiff and Defendants represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between the attorneys of the Parties. Plaintiff and Defendant Company further represent that:

(a) They have reviewed each and every provision of this Agreement;

(b) That this Agreement appears to them to have been written in a manner calculated to be understood by them;

(c) They in fact fully understand this Agreement, including the release of claims.

2.    The Parties also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3.    The Parties further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

4.   Plaintiff further represents, warrants, acknowledges, and affirms as follows:

a.   that he has not filed or permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Defendants with any local, state or federal court or administrative agency other than the instant lawsuit;

b.  that he has been paid and has received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement; and

c.  that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

**H.**   **Non-Disparagement.**

Plaintiff and Defendants agree that they shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties.  For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Parties in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding.

**I.**   **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter.  In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

10

**J.**     <u>Complete & Voluntary Agreement</u>

1. This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof. Further, by signing in the space provided below, the Plaintiff agrees and affirms that:

        a.   He has been advised to and have carefully read and fully understands all of the provisions of this Agreement;

        b.   He was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

        c.   This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees (inclusive of attorneys' fees and costs) from the beginning of time until the date of this Agreement;

        d.   No promise or representation of any kind or character has been made by the Defendants or by anyone acting on their behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement;

        e.   Through this Agreement, Plaintiff is releasing all of the Releasees from any and all claims that he may have (inclusive of attorneys' fees and costs) against the Releasees in exchange for the Settlement Payment described herein;

        f.   Plaintiff knowingly and voluntarily agrees to all of the terms set

11

forth in this Agreement, and intend to be legally bound by them.

**K.**   **Additional Terms**

       1.     This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The Parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

       2.     The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

       3.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

       4.     This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the Parties.  This Agreement may not be modified orally.

       5.     This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, and/or facsimile signatures will be recognized with same force and effect as originals.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SET FORTH HEREIN. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE,** the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

Dated: October 26, 2023

      **By the Plaintiff**

                                  By: _____
                                          **SURINDER SINGH**

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF ~~QUEENS~~  )
        Kings -

    On the 26 day of October , 2023 before me personally appeared Surinder Singh personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                          _____
                                 **NOTARY PUBLIC**

NADIA ADJOUA MIAN
Notary Public - State of New York
NO. 01MI6309451
Qualified in Kings County
My Commission Expires Sep 28, 2026

            **On behalf of the Defendants:**        **BARNEY'S SERVICE STATION, INC.,**

                                        By: _____
                                          **ANTHONY PANVINI, President**

                                        By: _____

                                          **ANTHONY PANVINI**

STATE OF NEW YORK    )
         NASSAU
                      ) ss.:
COUNTY OF ~~QUEENS~~  )

    On the 27ᵗʰ day of October , 2023 before me personally appeared Anthony Panvini personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                    _____
                                     **NOTARY PUBLIC**

14

PAUL J FELICIONE
Notary Public, State of New York
Reg. No. 02FE5015702
Qualified in Nassau County
Commission Expires 07/26/20

EXHIBIT "A"

15

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SURINDER SINGH,                          Case No.: 1:23-CV-03881-NRM-TAM

        Plaintiff,

    -against-

BARNEY'S SERVICE STATION, INC., and ANTHONY
PANVINI

        Defendants.

---

     The matter in the above-captioned action having been amicably resolved by and between the parties, and the court having approved the settlement as a fair and reasonable, it is hereby stipulated and agreed, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), that the case shall be, and hereby is, dismissed with prejudice against Defendants; and without costs or attorneys' fees against any party.

Dated: Uniondale, New York     Dated: Syosset, New York
    10/27/23

**PINKHASOV & ASSOCIATES, PLLC**   **THE LAW OFFICE OF DANIEL R. OLIVIERI**
Attorneys for Defendants         Attorneys for Plaintiff

_____     _____
Paul J. Felicione, Esq.           Daniel R. Olivieri, Esq.

So Ordered: _____, U.S.D.J.

16